**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

BANKUNITED, N.A., a national association,

Plaintiff,

Case No. 3:26cv280

v.

MOORE-NORMAN GROUP, LLC, a Virginia limited liability company; RODRICK MOORE, an individual; LASHAWANDA MOORE, an individual; and ARTHUR B. NORMAN, an individual,

Defendants.
_____________________________________/

## COMPLAINT

BANKUNITED, N.A., through its undersigned counsel, hereby sues Moore-Norman Group, LLC, a Virginia limited liability company ("Moore-Norman" or "Borrower"), RodRick Moore, an individual ("R. Moore"), Lashawanda Moore, an individual ("L. Moore"), and Arthur B. Norman, an individual ("A. Norman") for enforcement of a promissory note and guarantee agreements, and alleges as follows:

## PARTIES

1. Plaintiff, BankUnited, N.A. ("Plaintiff" or "BankUnited"), is a national banking association authorized to do, and is doing business in the State of Florida. "All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. BankUnited's main office, as designated in its articles of association, is located in Florida. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 319, 126 S. Ct. 941, 952 (2006). Thus, BankUnited is a citizen of Florida. BankUnited is the owner and holder of the loan documents forming the basis of this lawsuit.

2. Defendant R. Moore is an individual residing in and domiciled in Chesterfield County, Virginia and, thus, is a citizen of Virginia.

3. Defendant L. Moore is an individual residing in and domiciled in Chesterfield County, Virginia and, thus, is a citizen of Virginia.

4. Defendant A. Norman is an individual who is a resident of Cincinnati Ohio, and thus, is a citizen of Ohio.

5. Defendant Moore-Norman is a Virginia limited liability company with its principal place of business in Richmond, Virginia. A limited liability corporation is a citizen of every state in which its individual members are citizens. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Moore-Norman's members consist of R. Moore, L. Moore, and A. Norman, citizens of Virginia and Ohio. Moore-Norman is thus a citizen of Virginia and Ohio.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction over this action because the total amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties as this is a civil action between a citizen of Florida and citizens of Virginia and Ohio. *See* 11 U.S.C. § 1332(a)(1).

7. This Court has personal jurisdiction over R. Moore, L. Moore, and Moore-Norman, because R. Moore, L. Moore, and Moore-Norman are citizens of Virginia. This Court also has personal jurisdiction over R. Moore, L. Moore, A Norman and Moore-Norman, because Defendants conducted business in Virginia through Moore-Norman's operations in Richmond, Virginia. *See* Fed. R. Civ. P. 4(k)(1)(A); Va. Code Ann. § 8.01-328.1.

8. Venue is proper in this Court under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this cause of action occurred in this District, the Defendants

executed the Loan Documents (as defined below) in this District, and the loaned monies were disbursed from this District.

**FACTS**

9. On or about October 9, 2018, Moore-Norman executed and delivered to BankUnited a U.S. Small Business Administration (the "SBA") Note (the "Note") evidencing Moore-Norman's agreement to the terms and conditions contained therein, and promise to pay amounts due thereunder, in exchange for a loan in the original principal amount of $1,349,000.00 (the "Loan"), authorized by the SBA through a separate authorization. A true and correct copy of the Note is attached hereto and incorporated herein as **Exhibit A**.

10. On or about October 9, 2018, Moore-Norman executed and delivered to BankUnited the Loan Agreement (the "Loan Agreement"), evidencing the terms and conditions agreed upon by BankUnited and Moore-Norman to govern the Loan.

11. On or about October 9, 2018, R. Moore executed and delivered to BankUnited the SBA Unconditional Guarantee (the "R. Moore Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to BankUnited under the Note, jointly and severally. A true and correct copy of the R. Moore Guarantee is attached hereto and incorporated herein as **Exhibit B**.

12. On or about October 9, 2018, L. Moore executed and delivered to BankUnited the SBA Unconditional Guarantee (the "L. Moore Guarantee"), guaranteeing full and prompt payment and satisfaction of all amounts owing by Borrower to BankUnited under the Note, jointly and severally. A true and correct copy of the L. Moore Guarantee is attached hereto and incorporated herein as **Exhibit C**.

13. On or about October 9, 2018, Norman executed and delivered to BankUnited the SBA Unconditional Guarantee (the "A. Norman Guarantee"), guaranteeing full and prompt

payment and satisfaction of all amounts owing by Borrower to BankUnited under the Note, jointly and severally. A true and correct copy of the Norman Guarantee is attached hereto and incorporated herein as **Exhibit D**.

14. The Note, Loan Agreement, R. Moore Guarantee, L. Moore Guarantee, A. Norman Guarantee, and all exhibits, addendums, amendments, and supplements thereto constitute the "Loan Documents."

15. BankUnited is the beneficial owner and holder of the Loan Documents.

16. Moore-Norman defaulted under the Loan Documents by, among other terms and conditions, failing to timely remit the principal and interest payments when due thereunder.

17. Likewise, R. Moore, L. Moore, and A. Norman defaulted under the Loan Documents by, among other terms and conditions, failing to timely remit the principal and interest payments when due thereunder.

18. As of March 23, 2026, Defendants owe to BankUnited $358,380.87 in outstanding principal, plus accrued and unpaid interest, late fees, attorneys' fees, and costs under the Loan Documents. Interest and late fees continue to accrue in accordance with the terms of the Loan Documents.

19. Further, Defendants owe all expenses, including reasonable attorneys' fees and costs, incurred by BankUnited in collecting amounts due under the Note and enforcing the terms of the Note or any other Loan Document. *See* **Ex. A**, ¶ 6.B.; **Ex. C**, ¶ 9.A. Attorneys' fees and costs continue to accrue in accordance with the terms of the Loan Documents.

20. All conditions precedent have been performed, have occurred, or have been waived.

**COUNT I – BREACH OF NOTE**
(Against Moore-Norman)

21. This is an action against Moore-Norman for breach of note and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22. BankUnited repeats and re-alleges Paragraphs 1, 5–10, 14–16, and 18–20 above as if fully set forth herein.

23. A valid contact exists between BankUnited and Moore-Norman, as evidenced by the Note.

24. BankUnited is the beneficial owner and holder of the Note.

25. Moore-Norman has materially breached the Note by, among other things, failing to timely pay principal and interest when due under the Note and upon demand by BankUnited.

26. As a direct and proximate result of Moore-Norman's material breach of the Note, BankUnited has suffered damages and Moore-Norman owes to BankUnited the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Note.

27. Additionally, as a direct and proximate result of Moore-Norman's material breach of the Note, BankUnited has been caused to incur expenses, including costs and reasonable attorneys' fees, for which Moore-Norman is obligated to pay under the terms of the Note.

WHEREFORE, Plaintiff, BankUnited, N.A., respectfully requests this Court enter judgment in its favor and against Defendant Moore-Norman Group, LLC, for all amounts due and owing under the Note, including principal, accrued and unpaid interest, and late fees together with reasonable attorneys' fees, costs, expenses, and for any other relief the Court deems just and proper.

**COUNT II – BREACH OF R. MOORE GUARANTEE**
(Against R. Moore)

28. This is an action against R. Moore for breach of R. Moore Guarantee and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

29. BankUnited repeats and re-alleges Paragraphs 1, 2, 6–8, 11, 14, and 17–20 above as if fully set forth herein.

30. A valid contract exists between BankUnited and R. Moore, as evidenced by the R. Moore Guarantee.

31. BankUnited is the beneficial owner and holder of the R. Moore Guarantee.

32. R. Moore has materially breached the R. Moore Guarantee by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by BankUnited.

33. As a direct and proximate result of R. Moore's material breach of the R. Moore Guarantee, BankUnited has suffered damages and R. Moore owes to BankUnited the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents, as required by the R. Moore Guarantee.

34. As a direct and proximate result of R. Moore's material breach of the R. Moore Guarantee, BankUnited has been caused to incur expenses, including costs and reasonable attorneys' fees, for which R. Moore is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, BankUnited, N.A., respectfully requests this Court enter judgment in its favor and against Defendant RodRick Moore for all amounts due and owing under the R. Moore Guarantee, including principal, accrued and unpaid interest, and late fees together with reasonable attorneys' fees, costs, expenses, and for any other relief the Court deems just and proper.

**COUNT III – BREACH OF L. MOORE GUARANTEE**
(Against L. Moore)

35. This is an action against L. Moore for breach of L. Moore Guarantee and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

36. BankUnited repeats and re-alleges Paragraphs 1, 3, 6–8, 12, 14, and 17–20 above as if fully set forth herein.

37. A valid contract exists between BankUnited and L. Moore, as evidenced by the L. Moore Guarantee.

38. BankUnited is the beneficial owner and holder of the L. Moore Guarantee.

39. L. Moore has materially breached the L. Moore Guarantee by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by BankUnited.

40. As a direct and proximate result of L. Moore's material breach of the L. Moore Guarantee, BankUnited has suffered damages and L. Moore owes to BankUnited the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents, as required by the L. Moore Guarantee.

41. As a direct and proximate result of L. Moore's material breach of the R. Moore Guarantee, BankUnited has been caused to incur expenses, including costs and reasonable attorneys' fees, for which L. Moore is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, BankUnited, N.A., respectfully requests this Court enter judgment in its favor and against Defendant Lashawanda Moore for all amounts due and owing under the L. Moore Guarantee, including principal, accrued and unpaid interest, and late fees together with reasonable attorneys' fees, costs, expenses, and for any other relief the Court deems just and proper.

**COUNT IV – BREACH OF A. NORMAN GUARANTEE**
(Against A. Norman)

42. This is an action against A. Norman for breach of A. Norman Guarantee and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

43. BankUnited repeats and re-alleges Paragraphs 1, 4, 6–8, 13, 14, and 17–20 above as if fully set forth herein.

44. A valid contract exists between BankUnited and A. Norman, as evidenced by the A. Norman Guarantee.

45. BankUnited is the beneficial owner and holder of the A. Norman Guarantee.

46. A. Norman has materially breached the Norman Guarantee by, among other things, failing to timely pay principal and interest when due under the Loan Documents and upon demand by BankUnited.

47. As a direct and proximate result of A. Norman's material breach of the Norman Guarantee, BankUnited has suffered damages and Norman owes to BankUnited the full amount of the outstanding principal balance, all accrued and unpaid interest, late fees, and all other amounts due and owing under the Loan Documents, as required by the A. Norman Guarantee.

48. As a direct and proximate result of A. Norman's material breach of the A. Norman Guarantee, BankUnited has been caused to incur expenses, including costs and reasonable attorneys' fees, for which A. Norman is obligated to pay under the terms of the Loan Documents.

WHEREFORE, Plaintiff, BankUnited, N.A., respectfully requests this Court enter judgment in its favor and against Defendant Arthur B. Norman for all amounts due and owing under the Norman Guarantee, including principal, accrued and unpaid interest, and late fees together with reasonable attorneys' fees, costs, expenses, and for any other relief the Court deems just and proper.

Respectfully submitted this 9th day of April, 2026.

**ADAMS AND REESE LLP**

*/s/ Lauren A. Baio*
Lauren A. Baio
VSB No. 98980
Lauren.pultro@arlaw.com
Jessica.bowers@arlaw.com
20 F St. NW, Suite 500
Washington, DC 20001
Ph: (202) 478-1217
*Counsel for Plaintiff, BankUnited, N.A.*